**THE PARK LAW GROUP, LLC**
Attorneys for Defendants Shipping-Land Co. Ltd.,
Shipping-Land (Singapore) PTE, Ltd.,
Dreamship PTE Ltd., Shipland Corp.,
S Ships Co., Ltd., and Spring-Tech Co. Ltd.
23 S. Warren Street
2nd Floor
Trenton, New Jersey 08608

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAMPSKIBSSELSKABET NORDEN AS,<br><br>Plaintiff,<br><br>v.<br><br>SHIPPING LAND CO., LTD., SHIPPING-LAND (SINGAPORE) PTE LTD., DREAMSHIP PTE LTD., SHIPLAND CORP., S SHIP CO., LTD., and SPRING-TECH CO. Ltd.,<br><br>Defendants. | **Civil Action No. 09-cv-06294 (GEL)**<br><br><u>**ECF CASE**</u> |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO VACATE MARITIME ATTACHMENT AND GARNISHMENT**
**OF DEFENDANTS SHIPPING-LAND CO., LTD., SHIPPING-LAND (SINGAPORE) PTE, LTD., DREAMSHIP PTE LTD., SHIPLAND CORP., S SHIPS CO., LTD., AND SPRING-TECH CO. LTD.**

On the Brief:  Hyun Suk Choi, Esq.
       Chull S. Park, Esq.

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... 2

TABLE OF AUTHORITIES ................................................................................................... 3

BRIEF STATEMENT OF RELEVANT FACTS .................................................................... 4

LEGAL ARGUMENT .............................................................................................................. 6

    I.   ACCORDING TO A RECENT DECISION OF THE SECOND CIRCUIT, SHIPPING-LAND AND SHIPPING-LAND SINGAPORE ARE FOUND WITHIN THIS DISTRICT FOR PURPOSES OF RULE B ATTACHMENT. ..................................................................... 6

    II.   ACCORDING TO A RECENT DECISION OF THE SECOND CIRCUIT, DREAMSHIP, SHIPLAND, SPRING-TECH AND S SHIPS ARE ALSO FOUND WITHIN THIS DISTRICT FOR PURPOSES OF RULE B ATTACHMENT ASSUMING ALL ALLEGATIONS IN THE VERIFIED COMPLAINT ARE TRUE. ......................................... 8

CONCLUSION ........................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**
Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434 (2d Cir. 2006) ................... 6, 9
Glory Wealth Shipping Pte Ltd. v. Indus. Carriers., Inc., 590 F.Supp.2d 562 (S.D.N.Y. 2008) .... 9
Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580 (2d Cir. 1963) .......................... 6, 7
STX Panocean (UK) Co., Ltd. v. Glory Wealth Shipping PTE Ltd., 560 F.3d 127 (2d Cir. 2009)
................................................................................................................................................ 7, 10
Transfield ER Cape Ltd. v. Industrial Carriers, Inc., No. 09-CV-1733, 2009 WL 1940859 (2d
 Cir. July 8, 2009) .................................................................................................................. 8, 9, 10
Williamson v. Recovery Ltd. P'ship, 542 F.3d 43 (2d Cir. 2008) ................................................. 6


**Rules**
Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 5
Fed. R. Civ. P. Supp. B .................................................................................................................. 6
Fed. R. Civ. P. Supp. E(4)(f) ....................................................................................................... 5, 6

# BRIEF STATEMENT OF RELEVANT FACTS

Based upon the recent decisions of the Second Circuit, Plaintiff Dampskibsselskabet Norden AS ("Plaintiff") cannot maintain an order for a maritime attachment and garnishment against Defendants Shipping-Land Co., Ltd. ("Shipping-Land"), Shipping-Land (Singapore) PTE, Ltd. ("Shipping-Land Singapore"), Dreamship PTE Ltd. ("Dreamship"), Shipland Corp. ("Shipland"), S Ships Co., Ltd. – incorrectly named as "S Ship Co., Ltd." – ("S Ships"), and Spring-Tech Co. Ltd. ("Spring-Tech") (collectively, "Defendants"). According to the Verified Complaint, Plaintiff allegedly entered into a charter party on or about May 2, 2008 for a certain vessel with Shipping-Land. See Verified Complaint, ¶ 9. Based upon alleged breaches of this charter party, Plaintiff filed the Verified Complaint in support of an order seeking a maritime attachment and garnishment against Shipping-Land. See, generally, Verified Complaint. Further, although not parties to the time charter, Plaintiff alleges that since Shipping-Land Singapore, Dreamship, Shipland, S Ships, and Spring-Tech are alter egos of Shipping-Land, this Court may enter the order for a maritime attachment and garnishment against those three defendants as well. See Verified Complaint, ¶¶ 36 – 84.

Importantly, Plaintiff acknowledges in the supporting documents to the Verified Complaint that it is aware that Shipping-Land and Shipping-Land Singapore are registered to do business in the State of New York. See Unger Aff. Pursuant to Rule B(1) and in Support of Order Appointing Person to Serve Process Pursuant to Rule 4(c) and Scope of Service ("Unger Aff."), ¶¶ 3(a) and 3(b). Indeed, according to the filed Applications for Authority of Shipping-Land and Shipping-Land Singapore, these two defendants clearly designated the Secretary of State of the State of New York as the registered agent for service of process as allowed under law of the State of New York. See Decl. of Chull S. Park in Supp. the Mot. to Vacate Maritime

Attach. and Garnishment of Defendants ("Park Decl."), ¶¶ 3 – 4. Indeed, even Plaintiff's own supporting documentation clearly states that the Department of State of New York will accept process on behalf of the entity and mail it to Defendants' counsel. See Ungar Aff., Exs. A and B. Accordingly, pursuant to Fed. R. Civ. P. Supp. E(4)(f) and Fed. R. Civ. P. 12(b)(6), Defendants respectively requests this Court to grant this Motion to Vacate Maritime Attachment and Garnishment of Defendants and dismiss the Verified Complaint against Defendants with prejudice. In the present case, this Court should vacate the maritime attachment and dismiss the Verified Complaint because Shipping-Land and Shipping-Land Singapore are found within this district for purposes of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions since both are properly registered as foreign corporations in the State of New York. Further, assuming that all of the allegations of the Verified Complaint are true, Dreamship, Shipland, Spring-Tech and S Ships would also be found within this district since Shipping-Land as the alleged principal of these alter egos is found within this district; thus, this Court must vacate the maritime attachment against these defendants as well according to the recent decision by the Second Circuit.

## LEGAL ARGUMENT

I. **ACCORDING TO A RECENT DECISION OF THE SECOND CIRCUIT, SHIPPING-LAND AND SHIPPING-LAND SINGAPORE ARE FOUND WITHIN THIS DISTRICT FOR PURPOSES OF RULE B ATTACHMENT.**

Rule E(4)(f) of the Supplemental Rules of the Federal Rules of Civil Procedure allows Defendants to contest the Rule B attachment of its property. See Williamson v. Recovery Ltd. P'ship, 542 F.3d 43, 50 (2d Cir. 2008) (citing Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 438 (2d Cir. 2006)). A Rule B "attachment should issue only if a plaintiff establishes four factors: (1) that the plaintiff has a valid *prima facie* admiralty claim against the defendant; (2) **that the defendant cannot be found within the district**; (3) that the defendant's property may be found within the district; and (4) that there is no statutory or maritime law bar to the attachment." Id. at 51. (quoting Aqua Stoli, at 438) (emphasis added). Specifically at issue in this matter, the Court interprets the language "found within the district" as requiring "a two-pronged inquiry: first whether, [Defendants] can be found within the district in terms of jurisdiction, and second, if so whether [they] can be found for service of process." Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 582 (2d Cir. 1963). Further, "an attachment may be vacated if the defendant demonstrates 'at the Rule E hearing that 1) the defendant is subject to suit in a convenient adjacent jurisdiction; 2) the plaintiff could obtain in personam jurisdiction over the defendant in the district where the plaintiff is located; or 3) the plaintiff has already obtained sufficient security for the potential judgment, by attachment or otherwise.'" Id. (quoting Aqua Stoli, at 438).

Recently, the Second Circuit found that the charterer of a vessel was within the district "both jurisdictionally, by virtue of its registration with the Department of State [of the State of

New York], and in terms of its ability to accept service of process, by virtue of its appointment of a designated agent for service of process." STX Panocean (UK) Co., Ltd. v. Glory Wealth Shipping PTE Ltd., 560 F.3d 127, 133 (2d Cir. 2009) (A copy of this decision is attached to Park Decl., ¶ 5). Indeed, the Second Circuit held that registration with the Department of State of the State of New York through New York Business Corporation Law § 1304 ("§1304") satisfied both prongs of the inquiry detailed in Seawind to determine whether a defendant is found within the district for purposes of Rule B. Id. See also Seawind, supra, 320 F.2d at 582. The Second Circuit reasoned that it is "well-settled under New York law that registration under § 1304 subjects foreign companies to personal jurisdiction in New York." STX Panocean, supra, 560 F.3d at 131 (citations omitted). Therefore, the Second Circuit affirmed the lower court's order vacating the *ex parte* Process of Maritime Attachment and Garnishment because the plaintiff was "not entitled to maintain its attachment" because the defendants were found within the district. Id. at 133.

Here, as Plaintiff acknowledges, Shipping-Land and Shipping-Land Singapore are properly registered to do business in the State of New York. See Unger Aff., ¶¶ 3(a) and 3(b). Plaintiff does contend that Shipping-Land and Shipping-Land Singapore do not have registered agents in New York. Id. However, this is clearly incorrect; Shipping-Land and Shipping-Land Singapore designated the Secretary of State of the State of New York as the registered agent of the corporation for service of process pursuant to § 1304. See Park Decl., ¶¶ 3 – 4. Indeed, even Plaintiff's own supporting documentation clearly states that the Department of State of New York will accept process on behalf of the entity and mail it to Defendants' counsel; a fact that the Department of State of New York would have clearly stated to counsel for Plaintiff if the Department of State of New York were contacted by telephone. See Unger Aff., Exs A and B.

As in STX Panocean, Shipping-Land and Shipping-Land Singapore are found within this district for purposes of Rule B attachment since these two companies have properly registered with the State o New York under § 1304. Therefore, this Court should vacate the *ex parte* Order for Process of Maritime Attachment and Garnishment against Shipping-Land and Shipping-Land Singapore.

**II. ACCORDING TO A RECENT DECISION OF THE SECOND CIRCUIT, DREAMSHIP, SHIPLAND, SPRING-TECH AND S SHIPS ARE ALSO FOUND WITHIN THIS DISTRICT FOR PURPOSES OF RULE B ATTACHMENT ASSUMING ALL ALLEGATIONS IN THE VERIFIED COMPLAINT ARE TRUE.**

Assuming that all of the allegations in the Verified Complaint concerning the relationship among Shipping-Land, Dreamship, Shipland, Spring-Tech and S Ships are true, Dreamship, Shipland, Spring-Tech and S Ships would still be found within the district for purposes of Rule B attachment by virtue of the alleged alter ego relationship as Plaintiff claims since Shipping-Land is found within the district as explained above. On July 8, 2009, the Second Circuit held that "if a corporation is registered with the New York Department of State – and is therefore 'found within the district' for purposes of Rule B – that corporation's alter egos are also 'found within the district' and, therefore, the property of those alter egos is not subject to maritime attachment." Transfield ER Cape Ltd. v. Industrial Carriers, Inc., No. 09-CV-17332009 WL 1940859, at *3 (2d Cir. July 8, 2009) (A copy of this decision is attached to Park Decl., ¶ 6). The Transfield decision is clearly on point with the facts alleged by Plaintiff, and thus, this Court should vacate the *ex parte* Order for Process of Maritime Attachment and Garnishment against Dreamship, Shipland, Spring-Tech and S Ships as well.

In Transfield, a charterer brought an action seeking a maritime attachment and

garnishment pursuant to Rule B against the owner of a vessel and its foreign alter ego. Id. at *1. The parties did not dispute that the plaintiff was "simultaneously pursuing arbitration in London against [the vessel owner], but not against [the foreign alter ego], based on an underlying maritime charter agreement." Id. It was also undisputed that the vessel owner was a corporation registered with the New York Department of State, but the foreign alter ego was not. Id. The plaintiff argued that the foreign alter ego cannot be found within the district "in its own right or derive a presence with the district from [the vessel owner's] registration with the New York Department of State." Id. at *2. In holding that the foreign alter ego is found within the district for purposes of Rule B attachment because the vessel owner can be found within the district, the Second Circuit reasoned that the general principle that "'alter egos are treated as one entity' for jurisdiction purposes" should apply to maritime attachments. Id. at *2 (citations omitted).

Notably, the Second Circuit stated that the charterer failed to state a *prima facie* claim against the foreign alter ego since the underlying dispute is between the charterer and the vessel owner, not between the charterer and the foreign alter ego. Id. at *3 (citing Aqua Stoli, supra, at 445). Significantly, the Second Circuit noted, "If [a defendant] is an alter ego, it is found in the district; if [that defendant] is not an alter ego, there is no valid *prima facie* maritime claim to support an attachment." Id. (quoting Glory Wealth Shipping Pte Ltd. v. Indus. Carriers., Inc., 590 F.Supp.2d 562, 564 (S.D.N.Y. 2008) (holding that on a motion to vacate maritime attachment, the plaintiff has burden of demonstrating that the movant is an alter ego of a defendant)).

Here, Plaintiff "claims against [Dreamship, Shipland, S Ships, and Spring-Tech] for the damages set forth in Count 1" because Plaintiff alleges Dreamship, Shipland, S Ships, and Spring-Tech are the alter ego of Shipping-Land. See Verified Complaint, ¶¶ 53, 68, and 84.

Assuming *arguendo* that Plaintiff's list of allegations concerning the alter ego relationship are true, this Court must vacate the maritime attachment and garnishment since Shipping-Land, as alleged principal of Dreamship, Shipland, S Ships, and Spring-Tech, is found within this district, and because under STX Panocean, Shipping-Land is a properly registered foreign corporation with the New York Department of State where the Secretary of State is the designated registered agent. See Park Decl., ¶ 3; STX Panocean, supra, at 133; Transfield, supra, at *3. Therefore, assuming all allegations of Plaintiff are true, Dreamship, Shipland, S Ships, and Spring-Tech would be found within this district; thus, this Court must vacate the maritime attachment against these defendants.

## CONCLUSION

For the foregoing reasons, Defendants, Shipping-Land Co., Ltd., Shipping-Land (Singapore) PTE, Ltd., Dreamship PTE Ltd., Shipland Corp., S Ships Co., Ltd., and Spring-Tech Co. Ltd. respectfully request this Court to (i) grant this Motion to Vacate Maritime Attachment and Garnishment, (ii) vacate the *ex parte* Order for Process of Maritime Attachment and Garnishment, with prejudice, and (iii) dismiss the Verified Complaint with prejudice.

Date: August 19, 2009

Respectfully submitted,

**The Park Law Group, LLC**
Attorneys for Defendants Shipping-Land Co. Ltd.,
Shipping-Land (Singapore) PTE, Ltd.,
Dreamship PTE Ltd., Shipland Corp.,
S Ships Co., Ltd., and Spring-Tech PTE, Ltd.

By: _____
Chull S. Park (CP2061)