471-09/MEU

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DAMPSKIBSSELSKABET NORDEN AS,

                        Plaintiff,              **09 cv 6294 (GEL)**

    - against –

SHIPPING-LAND CO. LTD., SHIPPING-LAND
(SINGAPORE) PTE LTD., DREAMSHIP PTE LTD.,
SHIPLAND CORP., S SHIP CO. LTD.
and SPRING-TECH CO. LTD.,

                        Defendants.
------------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANTS' MOTION TO VACATE
## <u>MARITIME ATTACHMENT AND GARNISHMENT</u>

                                      FREEHILL HOGAN & MAHAR, LLP
                                      Attorneys for Plaintiff
                                      DAMPSKIBSSELSKABET NORDEN AS,
                                      80 Pine Street
                                      New York, NY 10005
                                      (212) 425-1900
                                      (212) 425-1901 fax

*Of counsel:*
Michael E. Unger
Susan Lee

## PRELIMINARY STATEMENT

Plaintiff Dampskibsselskabet Norden AS ("Plaintiff" or "Norden") respectfully submits this Memorandum of Law, together with the Affirmation of Michael E. Unger and Exhibits thereto, in opposition to the motion by Defendants Shipping-Land Co. Ltd. ("Shipping-Land"), Shipping-Land (Singapore) Pte Ltd. ("Shipping-Land Singapore"), Dreamship Pte Ltd. ("Dreamship"), Shipland Corp. ("Shipland"), S Ship Co. Ltd. ("S Ship") and Spring-Tech Co. Ltd. ("Spring-Tech") (collectively, "Defendants") to vacate the Court's Order dated August 6, 2009, authorizing the maritime attachment and garnishment issued in this action. For the reasons set forth herein, and in light of Norden's appeal of the August 6 Order that is the subject of Defendant's motion, it is respectfully submitted that the Court should deny Defendants' motion to vacate the August 6 Order for lack of jurisdiction.[1]

## PROCEDURAL BACKGROUND

On July 14, 2009, Norden commenced this action against Defendants pursuant to Supplemental Admiralty Rule B, by filing the Verified Complaint and applying for a maritime attachment in support of *prima facie* maritime claims against Defendants arising out of the breach of a maritime contract. (ECF Doc. No. 1). Norden's supporting Rule B(1) Affidavit noted that while Shipping-Land and Shipping-Land Singapore had registered with the New York Department of State ("NY DOS") on January 6, 2009, no Defendant could be served with process in the District and thus, no Defendant could be "found in the District", both jurisdictionally and for service of process, for purposes of Rule B(1) as required by *Seawind*

---

[1] To the extent Defendants also seek dismissal of the Verified Complaint pursuant to Rule 12(b)(6), Defendants offer no basis upon which the claims set forth therein could be the subject of a dismissal under Rule 12(b)(6). In the event Defendants attempt to offer support for dismissal of the Verified Complaint for the first time in Reply Papers, Norden respectfully requests the Court's permission to submit Sur-Reply Papers in order to respond to the same.

NYDOCS1/336621.1                    1

*Compania SA v. Crescent Line Inc.*, 320 F.2d 580 (2d Cir. 1963), and its progeny. (ECF Doc. No. 4).

On August 4, 2009, in further support of its Rule B application, Norden submitted briefing to the Court on the legal issue of whether a defendant is "found in the District" within the meaning of Rule B(1), solely by virtue of the defendant's registration with the NY DOS. (*See* Unger Affirmation, Exhibit A, copy of Plaintiff's Memorandum of Law dated August 4, 2009).

By an Order dated August 6, 2009, the Court denied Norden's application for a writ of attachment with respect to Shipping-Land and Shipping-Land Singapore on the ground that "they [could] be found within this District by virtue of their registration with the Department of State" and granted Norden's application with respect to the remaining Defendants. (*See* ECF Doc. No. 3).

On August 20, 2009, Norden timely filed a Notice of Appeal of the Court's August 6 Order in accordance with the Federal Rules of Appellate Procedure. (*See* ECF Doc. No. 9). Shortly thereafter, the Clerk of the District Court transmitted the Notice of Appeal, Certified Docket Sheet and Certified Record on Appeal to the United States Court of Appeals for the Second Circuit. On the pending appeal, Norden filed and served its Civil Appeal Pre-Argument Statement (Form C) and Civil Appeal Transcript Information (Form D). (*See* Unger Aff., Ex. B, copy of Pre-Argument Statement and Transcript Information). The issue on appeal is whether a defendant is "found in the District" for purposes of Rule B where the defendant, though registered with the NY DOS prior to the filing of the action, could not be served with process within the geographic confines of the Federal District in which a Rule B attachment is sought against the defendant.

Defendants now move the Court to modify, amend or vacate the August 6 Order that is pending appeal to the Second Circuit. In doing so, Defendants raise the precise issue that is now before the Circuit Court. Defendants argue Shipping-Land and Shipping-Land Singapore are "found in the District", both jurisdictionally and for purposes of service of process, by virtue of their registrations with the NY DOS, and thus, so are their *alter egos,* Dreamship, Shipland, S Ship and Spring-Tech. The first question as to the "presence" of Shipping-Land and Shipping-Land Singapore is not only pending appellate review before the Second Circuit, it is inextricably intertwined with the second question as to the "presence" of their putative *alter egos.* Both questions are addressed in the August 6 Order. If the Second Circuit determines that the mere registration of Shipping-Land and Shipping-Land Singapore (without an agent in the SDNY to receive process on their behalf) is sufficient to render these Defendants "found within the District" in answer to the first question, Norden readily concedes that the putative *alter egos* share the same "presence" – or lack thereof – that is attributable to Shipping-Land and Shipping-Land Singapore.

## ARGUMENT

### THE COURT IS DIVESTED OF JURISDICTION TO RE-EXAMINE, MODIFY OR VACATE THE AUGUST 6 ORDER FROM WHICH AN APPEAL IS PENDING

The filing of a notice of appeal is an event of jurisdictional significance. *See* 20 Moore's Federal Practice §303.30 at 303-60 (3d ed. 1997). It immediately confers jurisdiction on the Court of Appeals and divests the District Court of its control over all "questions raised and decided in the order that is on appeal". *New York State NOW v. Terry,* 886 F.2d 1339, 1349-1350 (2d Cir. 1989); *Compania Espanola de Petroleos v. Nereus Shipping S.A.,* 527 F.2d 966, 972-73 (2d Cir. 1975). *See* 20 Moore's Federal Practice §303.32 at 303-71.

Norden timely filed a Notice of Appeal of the Court's August 6 Order. Thereafter, the Court's jurisdiction to re-examine, modify or vacate substantive provisions contained in its August 6 Order immediately transferred to the Second Circuit. *New York State NOW*, 886 F.2d at 1349-1350. Thus, any action taken by the Court as to Defendants' motion to vacate the August 6 Order would be taken without jurisdiction. *Id.*

While certain exceptions to the divesture rule have been recognized, none apply here. For instance, while an appeal is pending, a district court's power, though significantly limited, may still correct clerical mistakes pursuant to Rule 60(a) or preserve the status quo during the pendency of an appeal pursuant to Rule 62(c). A district court is otherwise *without* jurisdiction *until* the case is remanded back to it by the appellate court. *See e.g. Rutherford v. Harris County*, 197 F.3d 176, 190 (5th Cir. 1999) (vacating district court's award of back pay allegedly correcting clerical mistake contained in the order from which an appeal had been taken because it "corrected a substantive error outside the reach of Rule 60(a)" and vacating district court's award of prejudgment interest since it has been "based solely on the recovery of back pay"); *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734-35 (9th Cir. 1982) (vacating district court's amended judgment allegedly preserving status quo during an appeal of the original judgment because it materially affected substantial rights of the parties not fully adjudicated in the original judgment and thus, exceeded the scope of Rule 62(c)); *Lewis v. Tobacco Workers' International Union*, 577 F.2d 1135 (4th Cir. 1978) (voiding district court's order attempting to vacate a prior order from which an appeal had been taken because district court "had no power, after the notices of appeal were filed, to enter such an order" under Rule 62(c) or otherwise), *citing Zimmer v. McKeithen*, 467 F.2d 1381 (5th Cir. 1973).

Here, Defendants' motion does not seek to correct a clerical mistake contained in the August 6 Order under Rule 60(a). Nor does it seek to preserve the status quo during the pendency of the appeal of the August 6 Order under Rule 62(c). Instead, Defendants' motion seeks to *vacate* the August 6 Order under Supplemental Admiralty Rule E(7) while Norden's appeal of that Order is concurrently pending before the Second Circuit. Such substantive relief falls outside the Court's jurisdiction due to the current posture of this case. *See id.*

Once a timely appeal from a judgment or order is filed, a district court is also divested of jurisdiction over pending motions for relief from that judgment or order. *Rutherford*, 197 F.3d at 190 (finding irrelevant that appellee filed motion earlier in the day on the day that appellant filed notice of appeal); *Winchester v. United States Attorney for S. Dist. of Tex.*, 68 F.3d 947, 948 (5th Cir. 1995) (holding that filing of notice of appeal divested district court of jurisdiction, where Rule 60(b) motion was filed, then notice of appeal was filed and thereafter judgment entered based on Rule 60(b) motion). *See e.g. Lupo v. Human Affairs International Inc.*, 28 F.3d 269, 271 (2d Cir. 1994) (acknowledging denial of motion to remand "for lack of jurisdiction, in light of [appellant's] filing of a notice of appeal"). The same applies to a motion to modify or vacate an order granting or denying preliminary injunctions that is pending interlocutory appeal. *Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623, 625 (2d Cir. 1962) (affirming denial of motion to vacate order granting preliminary injunction which was pending appeal because motion to vacate sought to improperly change posture of case on appeal); *The State of New York v. The Nuclear Regulation Commission*, 550 F.2d 745, 758-59 (2d Cir. 1977) (affirming denial of second motion for preliminary injunction for lack of jurisdiction because prior order denying first motion for preliminary injunction was pending appeal). In other words, a district court cannot take any substantive steps that could "alter the status of the case as it rests before the circuit court".

*Dayton Independent School Dist. v. U.S. Minerals Products Co.*, 906 F.2d 1059, 1063-64 (5th Cir. 1990).

Simply put, "[a] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Id.* at 1063. Divesting the jurisdiction of a district court once an appeal is taken is designed to promote judicial economy and avoid the confusion and inefficiency that might flow from putting the same issues before two courts at the same time. 20 Moore's Federal Practice §303.32 at 303-72. In essence, it protects parties from fighting a "two front war". *Shewchun v. United States*, 797 F.2d 941, 943 (11th Cir. 1986).

On the appeal of the August 6 Order, the substantive issue raised is whether a defendant's registration with the NY DOS prior to the filing of a Rule B application in the Southern District of New York effectively renders the defendant "found in the District" for the purpose of service of process within the meaning of Rule B and as required by *Seawind Compania SA v. Crescent Line Inc.*, 320 F.2d 580 (2d Cir. 1963), and its progeny. Defendants' motion to vacate the August 6 Order is not based on a change in fact or law, but instead fundamentally argues the *same* substantive issue on appeal, specifically that Shipping-Land and Shipping-Land Singapore are "found in the District", both jurisdictionally and for service of process, by virtue of their registrations with the NY DOS, and thus, so are their *alter egos,* Dreamship, Shipland, S Ship and Spring-Tech. The first question as to the "presence" of Shipping-Land and Shipping-Land Singapore is not only pending appellate review, it is inextricably intertwined with the second question as to the "presence" of their *alter egos*. Either way, however, both questions are addressed in the August 6 Order and thus, subject to the timely appeal of the same. If the Court were to entertain Defendants' motion to vacate that Order, the Court would not only place the same questions before two courts at the same time, it would require the parties to put forth

answers those questions here and simultaneously in the Second Circuit, essentially creating the "two front war" that the rule of divesture is designed to prevent.

Accordingly, for all the foregoing reasons, Plaintiff respectfully submits that the Court lacks jurisdiction over Defendants' motion to vacate the August 6 Order.

## **CONCLUSION**

In light of the timely appeal of the Court's Order dated August 6, 2009, and for the reasons set forth above, Plaintiff respectfully submits that the Court should deny Defendants' motion to vacate the Order dated August 6, 2009 for lack of jurisdiction.

Dated: New York, New York
September 2, 2009

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
DAMPSKIBSSELSKABET NORDEN AS

By: _____
Michael E. Unger
Susan Lee

# CERTIFICATE OF SERVICE

    I hereby certify that on September 2, 2009, I electronically filed the foregoing document, together with the accompanying Affirmation of Michael E. Unger and Exhibits thereto, with the Clerk of the Court using CM/ECF, which will automatically send email notification of such filing to all attorneys of record. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below service list in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing.

## BY CM/ECF

THE PARK LAW GROUP, LLC
Attorneys for Defendants
Shipping-Land Co. Ltd., Shipping-Land (Singapore) Pte Ltd.,
Dreamship Pte Ltd, Shipland Corp., S Ship Co., Ltd., and
Spring-Tech Co. Ltd.

Attn:   Hyun Suk Choi
         Chull S. Park

*/s/ Michael E. Unger*
Michael E. Unger
Susan Lee